```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MARQUIS DERON HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 5:20-cv-325-JMH |
| v. | ) | |
| | ) | |
| ROBERT CARR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Marquis Deron Heard is an inmate confined at the United States Penitentiary ("USP")-Lee in Jonesville, Virginia. Proceeding without an attorney, Heard previously filed a civil complaint against the Clerk of the Court, Defendant Robert Carr, related to the docketing of documents related to his motion to alter, amend or vacate his sentence filed pursuant to 28 U.S.C. § 2255 in his criminal case, *United States v. Marquis Deron Heard*, No. 11-cr-073-KKC (E.D. Ky.). [DE 1].

On August 3, 2020, this Court entered an Order granting Heard's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directing him to pay an initial partial filing fee of $8.24 to the Clerk of the Court within 28 days of the Court's Order. [DE 6]. Rather than doing so, Heard filed a notice of interlocutory appeal to the United States Court of Appeals for the Sixth Circuit, appealing this Court's Order granting his motion

to proceed *in forma pauperis*. [DE 9].[1] On October 14, 2020, the Sixth Circuit dismissed Heard's appeal for want of prosecution because Heard failed to timely pay the appellate filing fee or file a motion to proceed *in forma pauperis* on appeal. [DE 19]. Because no mandate will be issued [DE 19-1], this matter is properly back before this Court.

Because Heard is a prisoner proceed *in forma pauperis*, the Court must conduct a preliminary review of Heard's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Heard's factual allegations as true and liberally construes Heard's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court evaluates Heard's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

**I.**

---

[1] The Court's Finance Department has confirmed that Heard has since paid the $8.24 initial partial filing fee.

Heard's complaint relates to the Clerk of the Court's docketing procedures with respect to filing pleadings related to Heard's motion to vacate, set aside, or correct his sentence in his criminal case, *United States v. Marquis Deron Heard*, No. 5:11-cr-073-KKC-HAI (E.D. Ky.). Following a 2013 trial at which Heard represented himself, Heard was convicted by a jury of conspiracy to distribute cocaine, distribution of cocaine, possession with intent to distribute cocaine base, being a felon in possession of a firearm, and multiple counts of money laundering. In May 2013, Heard was sentenced to a total term of imprisonment of 360 months. His conviction was affirmed on appeal to the United States Court of Appeals for the Sixth Circuit and his petition for a writ of certiorari filed with the United States Supreme Court was denied. *United States v. Heard*, 762 F.3d 538 (6th Cir. 2014), *cert. denied*, 136 S.Ct. 376 (2015).

Heard then filed a motion to vacate pursuant to 28 U.S.C. § 2255. Although the Clerk of the Court opened a new civil matter when Heard filed his § 2255 motion, *Marquis Deron Heard v. USA*, No. 5:16-cv-188-KKC-HAI (E.D. Ky.), the pleadings related to his § 2255 motion were docketed in his criminal case, No. 5:11-cr-073-HAI-1. The District Court denied Heard's § 2255 motion and did not issue a Certificate of Appealability, finding that Heard failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

Heard then filed a notice of appeal to the Sixth Circuit. On July 27, 2018, the Sixth Circuit entered an Order construing Heard's notice as an application for a Certificate of Appealability, which it denied, finding that reasonable jurists would not debate the District Court's denial of Heard's claims presented in his § 2255 motion. *Marquis Deron Heard v. United States*, No. 18-5288 (6th Cir. Jul 27, 2018). Heard filed a petition for rehearing before the original panel, which was denied by the Sixth Circuit on November 6, 2018. *Id*.

Heard also filed a motion in the district court seeking reconsideration of its denial of his § 2255 motion pursuant to Fed. R. Civ. P. 59. This motion, as well as another motion for a Certificate of Appealability, was denied by the District Court on November 5, 2018. *United States v. Marquis Deron Heard*, No. 5:11-cr-073-KKC-HAI (E.D. Ky.) at DE 365.

On November 27, 2018, Heard filed a notice of appeal of the District Court's November 5, 2018 Order denying his Rule 59 motion and motion for a Certificate of Appealability. Heard filed a second notice of appeal of the November 5 Order on December 17, 2018. These appeals were both considered by the Sixth Circuit in *Marquis Heard v. USA*, No. 18-6261.

On April 26, 2019, the Sixth Circuit entered an order denying Heard's application for a Certificate of Appealability with respect to his appeal, as reasonable jurist could not disagree

4

with the District Court's denial of Heard's Rule 59(e) motion. The Sixth Circuit further found that, to the extent that Heard continued to challenge the underlying judgment denying his § 2255 motion, that challenge was precluded by the law-of-the-case doctrine because the Sixth Circuit had already considered Heard's appeal from that ruling and denied a Certificate of Appealability on the issues relating to his underlying judgment. *Marquis Heard v. USA*, No. 18-6261 (6th Cir., Apr 26, 2019).

Heard petitioned the Sixth Circuit to rehear *en banc* its order denying a Certificate of Appealability, which was denied by the Sixth Circuit on June 18, 2019. *Marquis Heard v. USA*, No. 18-6261 (6th Cir., June 18, 2019). It is the Sixth Circuit's decision in Case No. 18-6261 denying Heard's application for a Certificate of Appealability with respect to the District Court's Order denying Heard's Rule 59(e) motion that Heard seeks to challenge at the United States Supreme Court and is the subject of his civil complaint filed in this case.

## II.

In his complaint, Heard states that, on August 27, 2019, he attempted to file a petition for a writ of certiorari to the United States Supreme Court after being denied *en banc* review by the Sixth Circuit. [DE 1 at p. 3-4]. He further states that on September 11, 2019, the Clerk of the Supreme Court returned Heard's petition and explained that the case number on the District Court's opinion

5

submitted along with his petition needed to match the civil number that was opened when he filed his § 2255 motion (No. 5:16-cv-188).

Heard alleges that he returned his petition to the Supreme Court and included a footnote and cover letter explaining that "he was given the criminal number on his opinion by federal officials." [DE 1 at p. 4]. He claims that his petition was again returned to him with an explanation that "the directly related case (the one being appealed from the Court of Appeals), was a mismatch in the two level of courts docketing systems, concerning which case was the lead." [*Id.*].

Based on these allegations, Heard claims that he has "suffered hardship and a continued deprivation" because the opposing party has been afforded an "unfair advantage…by keeping Heard distanced from the depositing of records for the sole purpose of fatiguing him…into compliance with what is a miscarriage of justice." [*Id.* at p. 5]. He claims that the "misrepresentation" (presumably the use of the criminal case number when docketing pleadings related to his § 2255 motion, although it is not entirely clear) has, in effect, "suspended" habeas corpus laws and given the Defendant Clerk of the Court "the power of the legislation." [*Id.* at p. 6]. Heard invokes the Due Process Clause of the Fifth Amendment and claims that he is unable to petition to the Supreme Court, through no fault of his own and that Defendant is procedurally barring

6

Heard "from fact development and a full and fair hearing" on the claims raised in his original § 2255 motion. [*Id*.].

As relief, Heard requests declaratory relief finding that Heard is entitled to proceed using the civil case number assigned to his § 2255 motion for administrative purposes (No. 16-cv-188) and an injunction ordering the Clerk of the Court "to replace or and exchange all of the legal representations containing the criminal case numbers (11-cr-73) in Heard's § 2255 case…with that of the civil number issued to him…, 16-cv-188" and to further coordinate an effort with the Supreme Court Clerk to correct any filing issues. [*Id*. at p. 9].

### III.

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court must dismiss any complaint that fails to do so, *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court has reviewed the complaint filed by Heard and concludes that it must be dismissed without prejudice for failure to state a claim for which relief may be granted.

In essence, Heard claims that the Clerk of the Court's administrative procedures related to filing his § 2255 motion violate his due process rights and have prevented him from filing a petition for a writ of certiorari with the Supreme Court. This claim is completely without merit.

7

As has already been explained to Heard in the Court's Order denying his request for similar relief in his criminal case,

> A civil case is opened for administrative purposes only when a defendant files a § 2255 motion. It is the Court's practice to file all documents regarding the motion into the defendant's criminal case. No documents are filed in the civil case. This administrative procedure has no bearing on the defendant's substantive rights before this Court or any other court.

*United States v. Heard*, No. 11-cr-73-KKC-HAI-1 (E.D. Ky.) at DE 392.

While Heard alleges that the Clerk of the Court's docketing procedures have deprived him of due process by preventing him from filing a writ of certiorari with the Supreme Court, "[t]he Due Process Clause of the Fifth Amendment does not establish any right to an appeal, *see Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (plurality opinion), and certainly does not establish any right to collaterally attack a final judgment of conviction." *United States v. MacCollom*, 426 U.S. 317, 323, 96 S. Ct. 2086, 2090, 48 L. Ed. 2d 666 (1976). Heard's claim is even more attenuated here, as he seeks to challenge the Sixth Circuit's denial of a Certificate of Appealability with respect to the District Court's denial of his Rule 59(e) motion to reconsider.

Moreover, the Clerk of the Court's administrative procedures with respect to docketing § 2255 motions comply with the Rules Governing § 2255 Cases in the United States District Courts. Rule 3(b) specifically provides that "[t]he clerk must file the motion

8

and enter it on the criminal docket of the case in which the challenged judgment was entered." *See* Rule 3(b) of the Rules Governing § 2255 Cases in the United States District Courts (Effective Feb. 1, 1977, as amended to Dec. 1, 2019). Indeed, "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action, as appears from the legislative history of section 2 of S. 20, 80th Congress, the provisions of which were incorporated by the same Congress in title 28 U.S.C. as § 2255." Rule 1 of the Rules Governing § 2255 Cases in the United States District Courts, Advisory Committee Notes (1976 Adoption). Thus, "[a]lthough [a 2255] motion is assigned a civil case number for statistical purposes, it does not start a new case." *United States v. Somerset*, No. 3:03-PO-002, 2009 WL 4255492, at *1 (S.D. Ohio Nov. 19, 2009).

Nor do the Clerk's docketing procedures prevent Heard from filing a petition for a writ of certiorari with the Supreme Court. The Rules of the Supreme Court recognize that a petition for a writ of certiorari may relate to multiple cases with different case numbers, thus they require that a petition list *all* cases that are directly related to the case before the Supreme Court. The Rules further provide that a case is "'directly related' if it arises from the same trial court case as the case in this Court (including the proceedings directly on review in this case), or if it challenges the same criminal conviction or sentence as is

9

challenged in this Court, whether on direct appeal or through state or federal collateral proceedings." U.S. Sup. Ct. R. 14(1)(b)(iii). None of Heard's allegations suggest that his petition for a writ of certiorari would have been rejected had he followed the Supreme Court's procedures and listed all of the cases relevant to his appeal.

For these reasons, Heard's allegations fail to state a claim for the denial of his due process rights, which is the only right specifically invoked by Heard. While his allegations may also be broadly construed to suggest a claim that his constitutional right of access to the courts have been infringed upon, "a denial-of-access plaintiff must have an arguable, nonfrivolous underlying cause of action." *See Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) (citing *Christopher v. Harbury,* 536 U.S. 403, 415 (2002)). *See also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019) ("Because the right of access is 'ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,' a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim.") (quoting *Christopher*, 536 U.S. at 415). Heard's pursuit to obtain Supreme Court review of a Sixth Circuit Order denying a Certificate of Appealability with respect to his challenge to a District Court Order denying a motion to

10

reconsider (after the underlying Judgment has already been affirmed on appeal) does not meet this standard.[2]

For all of these reasons, Heard's complaint fails to state a claim for which relief may be granted and will be dismissed on initial screening.

Accordingly, it is hereby **ORDERED** as follows:

(1) Heard's complaint [DE 1] is **DISMISSED**;

(2) Any pending requests for relief are **DENIED AS MOOT**;

(3) **JUDGMENT** shall be entered contemporaneously with this Order; and

(4) This action is **STRICKEN** from the Court's docket.

This 20th day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[2] Even if Heard had identified a non-frivolous, arguable claim which he was prevented from pursuing, his complaint would "necessarily imply the invalidity of his conviction or sentence," and would, therefore, be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See Sampson*, 917 F.3d at 881–882 (holding that a state prisoner's access to the court claim brought against state court officials and private attorneys pursuant to 42 U.S.C. § 1983, alleging that those individuals "conspired to deprive him of trial transcripts, exhibits, and other records to frustrate his constitutional right to access to the court" was barred by *Heck*).